DOLORES A. McCORMICK, Plaintiff and Appellee, *v.* MANUEL GONZÁLEZ MARTÍNEZ, JOSEFINA FABIÁN DE LOZANA, Defendants; JOSEFINA B. MACÍAS WIDOW OF RIERA, EULOGIO DIMAS, JOSEFINA, DOLORES, ALFONSO RAFAEL, ANTONIO, LUZ MARÍA and LUCÍA MERCEDES RIERA Y BENGOECHEA, Defendants and Appellants.

No. 7485. Argued February 4, 1938.—Decided March 31, 1938.

*D. Pellón, Jr.* for appellants, Messrs. Widow of Riera and Riera Bengoechea. *Carlos J. Torres* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The judgment rendered by the district court in this case was reversed by this Supreme Court on January 27, 1936. *McCormick* v. *González Martonez,* 49 P.R.R. 460.

After the case was returned to the district court of origin a second amended complaint was filed in accordance with the terms of the judgment of this court. Several months thereafter, on December 3, 1936, the plaintiff presented a motion for the elimination of parties defendant in which it was alleged "that after a close study of the evidence available to prove her cause of action, the plaintiff has become convinced that such evidence does not support the allegations which directly and individually refer and apply to the defendants Josefina B. Macías widow of Riera and the heirs of José D. Riera."

Therefore she requested permission to file a third amended complaint from which said defendants would be omitted. The latter, by their attorney, gave their consent to the elimination, which was so decreed by the court "without any special award of costs." The defendants were then not agreed to the pronouncement of costs and presented a motion for reconsideration to the court which ends as follows:

"That this party maintains that said motion in itself is a voluntary termination by the plaintiff of the suit in so far as it refers to your petitioners, and the court so understood it when it admitted the elimination of the latter, which termination was accepted and is accepted by this party.

"That according to paragraph 1 of Section 192 of the Code of Civil Procedure of Puerto Rico, when a party dismisses an action he must defray the costs of the proceeding.

"Therefore, this party prays that this Hon. Court in view of the legal precepts cited above and the merits of this case enter an order reconsidering that of December 4, 1936, taxing costs to the plaintiff and leaving the above order in force with regard to all other pronouncements."

The plaintiff opposed the motion for reconsideration. The court heard the parties and reconsidered its decision entering a judgment "imposing costs upon the plaintiff."

The defendants who were eliminated appealed to this court. They assign two errors in their brief. By the first they maintain that the court erred in not expressly stating

in its judgment that it imposed the payment of attorney's fees upon the plaintiff, and that the judgment should be corrected to that effect, and by the second that if the intention of the court was not to impose the payment of said fees, then it abused its discretion and its judgment should be reversed in so far as the pronouncement of costs is concerned which should include the imposition of attorney's fees.

■ When the judgment appealed from was rendered on December 28, 1936, the new act with regard to costs, that is, Act No. 69, 1936, approved on May 11 of that year to take effect ninety days thereafter, was already in force. (Laws, p. 352.)

According to the express terms of that act an award of costs comprises the following expenditures:

" ' (1) Any amount paid to the secretary of the court or to any district marshal;

" ' (2) Disbursements for such authentic copies of deeds and certificates of the registry of property or of any other official records as have been admitted in evidence;

" ' (3) Two (2) dollars for each witness and for each day of attendance at court, plus mileage in going from and returning to his residence;

" ' (4) The amount paid to the stenographer of the court for the transcription of any testimony of evidence or proceedings had in open court, if said transcription is ordered by the court;

" ' (5) Five (5) dollars for notary's fees and the fair value of the stenographic work in the taking of any deposition admitted in evidence; and

" ' (6) Any other disbursement which is necessarily made in connection with the proceedings in the case, as the court may deem proper, and which is subject to schedule.' "

With regard to the payment of fees, the act says:

" 'In case any party shall have acted rashly, the court shall include in its judgment the payment of the fees of the attorney for the other party, stating in its judgment the amount of said fees, taking into account the degree of guilt in the litigation, and the work necessarily done by the attorney for the other party.' "

Therefore, inasmuch as an express pronouncement is necessary, the judgment appealed from can not be interpreted in the sense of implicitly awarding the payment of fees. That would have been the correct interpretation of a general pronouncement as to costs according to the prior statute and the jurisprudence of this court interpreting the same, but that is not the interpretation since Act No. 69 of 1936 went into force.

█ Did the court abuse its discretion? In our opinion this has not been shown. The appellants themselves are not in a position to complain of the pronouncement of the court because the latter did nothing else than to grant the appellants what they themselves requested in their motion for reconsideration.

Furthermore this is a case of a judgment as a result of the dismissal of a complaint by the plaintiff and this court in the case of *Heirs of Ramos* v. *Rivera*, 41 P.R.R. 285 held:

"Under Section 192 of the Code of Civil Procedure when a pla'n-tiff dismisses a case and agrees to pay the costs he does not consent to pay attorneys' fees, and if the court imposes costs without excluding attorneys' fees, or in other words, does not limit the costs to the ones arising in the clerk's office such a plaintiff has a right to appeal from the judgment fixing the costs in this unlimited way . . ."

The decision in the case of *Heirs of Ramos* v. *Rivera, supra,* was rendered before the above cited Act No. 69 of 1936 was in force. From the moment that said act went into force, the "imposition of costs" ceased to be comprehensive. That is why the party against whom costs are imposed need not appeal therefrom for the purpose of limiting the imposition by excluding therefrom the attorney's fees. The decision has been cited for the purpose of fixing the scope which the words "upon the payment of costs" had and now have as used in the first paragraph of Section 192 of the Code of Civil Procedure which authorizes a plaintiff

to dismiss his complaint in accordance with the rules therein established.

The appeal should be dismissed and the judgment affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.